UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STARLA F. RUSSELL,<br><br>Plaintiff,<br><br>vs.<br><br>RAPID CITY AREA SCHOOLS;<br>RAPID CITY AREA SCHOOL BOARD OF<br>EDUCTION; MATT STEPHENS, RCAS<br>BOARD OF EDUCATION PRESIDENT<br>in his official capacity; WESTERN<br>DAKOTA TECHNICAL INSTITUTE; and<br>ANN BOLMAN, WDT PRESIDENT in her<br>official capacity,<br><br>Defendants. | CIV. 18-5015-JLV<br><br><br>ORDER |

**INTRODUCTION**

United States Magistrate Judge Daneta Wollmann filed a report and recommendation ("R&R"). (Docket 110). Plaintiff Starla A. Russell filed objections to the R&R. (Docket 112). For the reasons stated below, plaintiff's objections are overruled. The court adopts the R&R consistent with this order.

**ANALYSIS**

Plaintiff, appearing *pro se*, filed a complaint against the defendants asserting claims for discrimination resulting in a hostile work environment and retaliation under Title VII, 42 U.S.C. §§ 2000e to 2000e-17; claims of age discrimination, hostile work environment and failure to hire under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634; and

supplemental claims under South Dakota state law for failure to provide a written 60-day notice prior to termination in violation of SDCL § 13-39-65 (as in effect in 2016) and for defamation.   (Docket 1).   Ms. Russell seeks monetary damages on all claims.   Id at p. 7.   Defendants filed a joint answer to plaintiff's complaint.   (Docket 7).

Defendants filed a motion for summary judgment together with a legal memorandum, a statement of undisputed material facts, three affidavits and 31 exhibits.   (Dockets 74 through 77, 77-1 through 77-23, 78, 78-1 through 78-5, 79 & 79-1 through 79-3).   Plaintiff filed a legal memorandum in opposition to defendants' motion for summary judgment together with an affidavit, 51 exhibits and an amended response to defendants' statement of undisputed material facts.   (Dockets 99, 101, 101-1 through 101-5 & 106).   Defendants filed a reply brief, an affidavit and four exhibits.   (Dockets 103, 105 & 105-1 through 105-4).   Plaintiff filed a sur-reply brief together with an affidavit and six exhibits.   (Dockets 107, 108, 108-1 through 108-6).

Pursuant to 28 U.S.C. § 636, defendants' motion for summary judgment was referred to Magistrate Judge Daneta Wollmann.   (Docket 81).   The magistrate judge issued a R&R addressing defendants' motion.   (Docket 110). The R&R made several recommendations: (1) that the Title VII and ADEA claims against Matt Stephens and Dr. Bolman be dismissed; (2) that the Rapid City Area Schools, Rapid City Area Board of Education and Western Dakota Technical

2

Institute be dismissed as not being proper parties; and (3) that defendants'

motion for summary judgment be granted as to all of plaintiff's claims.   Id. at

pp. 11 & 31.

Ms. Russell timely filed objections to the R&R.   (Docket 112).   Plaintiff's

objections all address legal conclusions stated in the R&R:

1.      Plaintiff failed to make a causal connection between her
        protected activity and her termination.   Id. at p. 6.

2.      Defendants offered an honest, non-retaliatory reason for her
        employment termination.   Id. at p. 7.

3.      Plaintiff failed to show defendants' justification for
        termination was pretextual.   Id. at p. 9.

4.      Plaintiff failed to establish a failure to hire claim.   Id. at p. 12.

5.      Plaintiff failed to exhaust the administrative remedies as to
        her state claim.   Id. at p. 13.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files

written objections to the magistrate judge's proposed findings and

recommendations, the district court is required to "make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."   Id.   The court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge."   Id.

As Ms. Russell did not object to the factual summary of the R&R, the court

adopts those facts as material undisputed facts for purposes of summary

judgment.   See Docket 110 at pp. 3-9; see also Fed. R. Civ. P. 56(a), (c) & (e);

D.S.D. Civ. LR 56(B) & (D).[1]   Each of plaintiff's objections will be separately

addressed.

1.   PLAINTIFF FAILED TO MAKE A CAUSAL CONNECTION BETWEEN
     HER PROTECTED ACTIVITY AND HER TERMINATION.

Ms. Russell does not dispute that the R&R properly identified the elements

necessary to establish a *prima facie* claim of retaliation.   Those elements are:

[T]he plaintiff must show

(1)   she engaged in a protected activity;

(2)   she suffered an adverse employment action; and

(3)   a causal connection existed between the adverse employment
      action and the protected conduct.

(Docket 110 at p. 16) (referencing Ross v. Kansas City Power & Light Co., 293

F.3d 1041, 1051 (8th Cir. 2002)).

Viewing the facts in the light most favorable to Ms. Russell as the

non-moving party on summary judgment, the magistrate judge found "a

reasonable jury could conclude that the employer was aware that Ms. Russell

made the statement constituting a protected activity."   Id. at pp. 16-17.   The

magistrate judge found "Ms. Russell has met the first element of a *prima facia*

case."   Id.

---

[1]The Civil Local Rules of Practice for the United States District Court for
the District of South Dakota may be found on the internet at: https://www.
sdd.uscourts.gov/docs/rules/SOUTH_DAKOTA_CIVIL_LOCAL_R ULES_5_16_
11_FINAL.pdf.

It is undisputed when Ms. Russell was notified in April 2016 that her employment contract would not be renewed after June 30, 2016, she "suffered a materially adverse employment action."   Id.   The magistrate judge found "Ms. Russell has met the second element of a *prima facia* case."   Id.

The magistrate judge found Ms. Russell did not respond to defendants' assertion that plaintiff's comment to the Higher Learning Commission ("HLC") in May 2015 and the non-renewal notice eleven months later in April 2016 was too long a period of time to make a causal connection between the two events.   Id. Even giving plaintiff the benefit of the assumption defendants became aware of her May 2015 statement in October 2015, the magistrate judge found "a six-month gap between the protected activity and the adverse action is far too diluted to support a causal connection."   Id. at p. 18.

Ms. Russell's objection focuses on activities by her employer which began in October 2015 and continued "before" consultant ATTAIN was hired in January 2016 up until ATTAIN issued its report in April 2016.   (Docket 112 at p. 6).   Ms. Russell argues

> [T]he record is replete with evidence [she] cited that demonstrates retaliatory treatment began in October 2015 when Defendants confirmed that it was Plaintiff who stated her concern about age discrimination to HLC up to and until the final crescendo of Plaintiff's termination in April 2016.

Id.   Plaintiff fails to identify the record which supports her argument.   If plaintiff suggests her amended response to defendants' statement of undisputed material facts ("amended responses") contains the factual information to support

her objection, that assertion fails.   Ms. Russell did not file any objections to the

factual summary presented in the R&R.

The court is not required to assume plaintiff's smattering of references to

her amended responses will support her objection.   Nor is the court required to

independently review plaintiff's 25 pages of amended responses to locate

statements of disputed material facts which might support Ms. Russell's first

objection.   "[T]he district court need not conduct de novo review when a party

makes general and conclusory objections that do not direct the court to a specific

error in the magistrate judge's proposed findings and recommendations."   Belk

v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994) (internal citations omitted).

Plaintiff's references to pages 3, 5-6, 8-10, 12-15 & 19 of her amended

responses fail to create a causal connection between plaintiff's May 2015

statement and the notice of non-renewal in April 2016.   (Docket 112 at pp. 6-7).

WDT's decision not to include Ms. Russell on the ATTAIN report review team,

WDT's staff shunning and excluding plaintiff or other members of her office from

participating in a review of the ATTAIN report and ATTAIN and its staff treating

plaintiff unfairly do not create a causal connection.

With 11 months, or even six months, between Ms. Russell's protected

activity and the notice of non-renewal of her contract, the court adopts the

magistrate judge's conclusion that Ms. Russell failed "to present 'stronger

alternative evidence of causation' to overcome the delay and resulting weakened

inference of retaliation."   (Docket 110 at pp. 18-19) (citing Tyler v. University of

6

Arkansas Bd. of Trustees, 628 F.3d 980, 986 (8th Cir. 2011)).   Plaintiff cites the

court to no legal authority which concludes this standard is inappropriate or

improperly applied to the facts in this case.

Plaintiff's first objection is overruled.

2.     DEFENDANTS OFFERED AN HONEST, NON-RETALIATORY REASON
       FOR HER EMPLOYMENT TERMINATION.

Ms. Russell's objection asserts there was evidence defendants' reason for

terminating her "employment was an illegal move."   (Docket 112 at p. 7).

Plaintiff asserts she "provided evidence of Defendants' disputed honesty,

integrity and questionable tactics, which [were] also referenced by HLC."   Id.

(referencing Docket 106 at pp. 20 & 22-23).

Plaintiff acknowledges the magistrate judge correctly identified the

standard which must be followed.   (Docket 112 at p. 7).   That is, the court's

"inquiry is limited to whether the employer gave an honest explanation of its

behavior.' "   (Docket 110 at p. 19) (Wilking v. Cnty. Of Ramsey, 153 F.3d 869,

873 (8th Cir. 1998) (internal citation omitted).   The magistrate judge, but not

Ms. Russell, included the remainder of the standard set by Wilking.

> Accordingly, "when an employer articulates a reason for discharging
> the plaintiff not forbidden by law, it is not our province to decide
> whether that reason was wise, fair, or even correct, ultimately, so
> long as it truly was the reason for the plaintiff's termination."

(Docket 110 at p. 19) (citing Wilking, 153 F.3d at 873; internal citation omitted).

The magistrate judge found the reason for eliminating Ms. Russell's

position was the result of "two separate third party consultants" pointing out the

7

"deficiencies in the financial aid department."   Id.   WDT adopted the recommendations and eliminated Ms. Russell's position.   Id.

Plaintiff's objection contends "[t]he proffered justifications for terminating Plaintiff [were] not presented to [her] in the ordinary course of performance evaluations."   (Docket 112 at p. 8).   Ms. Russell admits when she filed a grievance over her termination, the WDT grievance committee "determined that there was no violation of the negotiated agreement."   (Docket 106 ¶ 39 & response).   The remainder of plaintiff's argument on this objection is without merit.   A reduction in work force is sufficient reason for the adverse employment action.   It is not within the court's "province to decide whether that reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.'"   Wilking, 153 F.3d at 873.

Plaintiff's second objection is overruled.

3.      PLAINTIFF FAILED TO SHOW DEFENDANTS' JUSTIFICATION FOR
        TERMINATION WAS PRETEXTUAL.

Pretext for a stated reason of eliminating Ms. Russell's position may be illustrated by "showing that an employer (1) failed to follow its own policies, (2) treated similarly-situated employees in a disparate manner, or (3) shifted its explanation of the employment decision."   (Docket 110 at p. 20) (referencing Gibson v. American Greetings Corp., 670 F.3d 844, 854 (8th Cir. 2012)).   The magistrate judge found "there is no evidence specifically cited by Ms. Russell which would establish pretext."   Id. at p. 21.

The magistrate judge arrived at this conclusion after evaluating Ms.
Russell's April 2015 protected activity and the work of ATTAIN.   The magistrate
judge acknowledged Ms. Russell and the others within the financial aid staff
may have felt "shunned, endured hostile treatment, and [Ms. Russell] was
excluded from being involved in Attain's 'review' of the financial aid operations."
Id. at p. 20.   But the magistrate judge found Ms. Russell "fails to demonstrate
any evidentiary connection between the statement she made to HLC (third
party) and her treatment by Attain (another third party) and the
recommendations made by Attain."   Id.   Ms. Russell's own "admission that the
entire financial [unit] was treated poorly undermines her argument that she was
singled out for engaging in a protected activity."   Id. at pp. 20-21.

There is no significant question in the record that Ms. Russell had
successive years of positive performance evaluations.   But plaintiff misses the
point.   Her positive evaluations and her belief WDT shifted its explanation
about her termination fail to recognize that her employer was entitled to accept
the recommendation of ATTAIN to invoke a reduction in force and eliminate
plaintiff's position.   The court does not accept plaintiff's assertion that WDT's
reduction in force decision was a shifting explanation for what occurred.   While
Ms. Russell may see it differently, the record is void of any evidence of pretext.

"The showing of pretext necessary to survive summary judgment requires
more than merely discrediting an employer's asserted reasoning for terminating
an employee."   Haigh v. Gelita USA, Inc., 632 F.3d 464, 470 (8th Cir. 2011).

Ms. Russell failed to "demonstrate that the circumstances [of the elimination of her position] permit a reasonable inference of discriminatory animus."   Id.

Plaintiff's third objection is overruled.

4.      PLAINTIFF FAILED TO ESTABLISH A FAILURE TO HIRE CLAIM.

"Plaintiff has unequivocally stated 'she is not making a claim in this litigation that she was not selected for coordinator position because of her age' " (Docket 112 at p. 12) (emphasis omitted; referencing Docket 106 at p. 25). "Rather, Plaintiff stated she was not considered for the position due to Defendants' retaliation."   Id.   Plaintiff acknowledges she applied for the Financial Aid Coordinator and the position was given to an older, 54-year-old financial aid staff member.   Id.   That admission having been made, Ms. Russell objects to the magistrate judge failing "to address Plaintiff's qualifications for available positions[.]"   Id.   "Despite Plaintiff's qualifications," Ms. Russell argues "Defendants did not give [her] the right to be considered." Id.

The magistrate judge found that another WDT employee "age 54, an employee with more than 25 years of experience with [WDT] was hired for the position" for which Ms. Russell applied.   (Docket110 at p. 27).   The magistrate judge then turned to the issue raised by Ms. Russell in the objection.   "Ms. Russell claims . . . that her position was given to Jill Elder after Ms. Russell was terminated."   Id. at p. 28.   The magistrate judge examined the allegation further:

10

> [Ms. Russell] states, "Plaintiff was still employed when they unilaterally transferred Jill Elder, Director of Admissions, into the Interim Director of Enrollment Services position[.] . . . Upon Plaintiff's termination, Elder, age 35, was designated by WDT as the Financial Aid Administrator, and did not apply for, but was given the position of Admissions and Financial Director, the position that 'replaced' the Financial Aid Director Position."

Id. (referencing Docket 106 ¶ 47 response).   The magistrate judge examined Ms. Russell's citations to the record² and concluded those "citations . . . do not support this assertion."   Id. (referencing Dockets 77-20 at pp. 14-15; 101-10 & 101-29).

The court conducted a *de novo* review of Ms. Russell's citations and the record referenced by the magistrate judge.   It is not enough that Ms. Russell claims she had a contractual right to apply for other positions, she must have made the effort to do so.   Sitting outside the environment of a business waiting for it to extend an invitation to a former employee to apply for a new, reorganized position does not satisfy the elements for an ADEA claim.   See Watson v. McDonough, 996 F.3d 850, 855 (8th Cir. 2021) ("the plaintiff must show that she 'made every reasonable attempt to convey her interest in the job to the employer' " (brackets omitted; citing EEOC v. Metal Service Co., 892 F.2d 341, 348 (3d Cir. 1990)).

---

²"Ms. Russell cites EX99-GARSTEN DEPO-Baertsch Affid[avit], ¶ 15, EX18-RUSSELL DEPO-Fin Aid-Admissions Dir PD, and DEPO-RUSSELL pages 61-62."   (Docket 110 at p. 28).   Ms. Russell's citations appear as in the record as Dockets 101-30 ¶ 15; 101-10 & 101-1 at pp. 3-4.   The court cites to the page of a document in CM/ECF as opposed to the page marked on the transcript.

11

The court adopts the conclusion of the magistrate judge that "M[s]. Russell has failed to come forth with evidence that she applied for the position of Financial Aid Administrator or that a younger person was hired for the position and Defendant is entitled to summary judgment on the ADEA failure to hire claim."   (Docket 110 at p. 28).

Plaintiff's fourth objection is overruled.

5.    PLAINTIFF FAILED TO EXHAUST THE ADMINISTRATIVE REMEDIES AS TO HER STATE CLAIM.

Ms. Russell objects to the magistrate judge's conclusion that plaintiff's state law claim, breach of contract, must fail because she did not exhaust the administrative remedies available to her before bringing the claim to federal court.   (Docket 112 at p. 13).   Plaintiff contends WDT's grievance policy mandates an aggrieved employee must make an "election of remedies that forced Plaintiff to file her Federal and State Claims with the EEOC, and thereafter, in Federal Court."   Id.

The grievance policy at issue stated in relevant part:

Level Four: If the aggrieved person is not satisfied with the disposition of the grievance at Level Three, the grievant may, within thirty (30) calendar days after the receipt of the President's or designee(s) decision, initiate an appeal to the Department of Labor in accordance with the provisions of SDCL 3-18-15.2.

It is specifically and expressly understood and agreed that taking an appeal to the Department of Labor constitutes an election of remedies and a waiver of any and all rights by the appealing party or parties and his or their representative to litigate or otherwise contest the appealed subject matter in any court under   SDCL 13-46.   Any

decision of the Department of Labor may be appealed to the Circuit Court and the State Supreme Court as provided by law.

(Docket 78-5 at p. 3).   Ms. Russell contends this language forces a grievant to decide whether to take an elected remedy under § 3-18-15.2 or forfeit the ability to take her claim to "any court," including federal court.   (Docket 112 at p. 14) (emphasis omitted).

Ms. Russell's citation to <u>Ripple v. Wold</u>, 549 N.W.2d 673, 674 (S.D. 1996) is off track.   <u>Id.</u>   <u>Ripple</u> dealt with a plaintiff's effort to amend the complaint in a foreclosure proceeding to permit an alternate remedy of "recission on the contract for deed."   <u>Ripple</u>, 549 N.W.2d at 674.   The case had nothing to do with the election of remedies Ms. Russell was provided under South Dakota law to advance her grievance or breach of contract claim through the South Dakota system.

The magistrate judge addressed in detail defendants' defense that plaintiff failed to exhaust her administrative remedies and plaintiff's response to the defense.   (Docket 110 at pp. 28-29).   After that analysis, the magistrate judge found "[w]hile Ms. Russell is correct that her federal civil rights claims are not subject to state notice provision, this argument is to no avail to her state court claims."   <u>Id.</u> at pp. 29-30.

First, plaintiff's defamation claim, if she indeed asserted one, requires notice to the school board before the claim can progress to court.   SDCL § 3-21-2 provides:

13

> No action for the recovery of damages for personal injury . . . caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place, and cause of the injury is given to the public entity . . . within one hundred eighty days after the injury.

The South Dakota Supreme Court held the mandatory notice provision applies "to tort claims." Finck v. City of Tea, 443 N.W.2d 632, 634 (S.D. 1989).

However, breach of contract claims and wrongful termination claims are "contract-based claims for which no notice is required." Kaiser v. Gortmaker, No. 1:15-CV-01030, 2016 WL 1215017, at *3 (D.S.D. Mar. 23, 2016) (referencing Finck, 443 N.W.2d at 635). The fact § 3-21-2 does not apply to Ms. Russell's state claim does not mean she is free from complying with the other provisions of South Dakota law.

> SDCL § 3-18-15.2 provides in relevant part
>
> If after following the grievance procedure enacted by the governing body, the grievance remains unresolved, . . . the grievance may be appealed to the Department of Labor and Regulation by filing an appeal with the department within thirty days after the final decision by the governing body is mailed or delivered to the employee.

Id. Objections to the interpretation of an employer-employee negotiated agreement is properly appealed to the South Dakota Department of Labor and Regulation. Gettysburg Sch. Dist. 53-1 v. Larson, 631 N.W.2d 196, 199 (S.D. 2001). Under § 3-18-15.2, the Department of Labor has the authority to grant reinstatement to a teacher removed in violation of the district's reduction in force policy. Id. at 202. Ms. Russell filed a grievance which was denied.

14

Section 3-18-15.2 mandates the procedure to appeal from that adverse

decision.

The other course open to a breach of contract claim is SDCL § 13-46-1.

That section provides:

> From a decision made by any school board, or by a special committee
> created under any provision of the school law relative to a . . . school
> district matter or in respect to any act or proceeding in which such
> . . . board, or committee purports or assumes to act, an appeal may
> be taken to the circuit court by any person aggrieved . . . within
> ninety days after the rendering of such decision.

Id.   Using this avenue an aggrieved, non-renewed teacher is entitled to have the

circuit court take "jurisdiction of this matter on appeal, and . . . it would be in a

position to order a stay of all proceedings until a decision was made."   Sauer v.

Bowdle Independent Sch. Dist., No. 36, 212 N.W.2d 499, 502 (S.D. 1973)

Plaintiff "misconstrue[d] the law on the failure to exhaust administrative

remedies."   (Docket 110 at p. 30).   WDT's grievance policy intended to prohibit

having a disgruntled employee file an appeal to the Department of Labor

pursuant to § 3-18-15.2 while at the same time filing a direct appeal to circuit

court pursuant to § 13-46-1.   The policy has no effect on plaintiff's federal

claims, but dictates she must make an election as to which South Dakota

statutory route she intends to take on her state breach of contract claim.

Ms. Russell cannot simply ignore her obligation to follow South Dakota

law in bringing a breach of contract claim to court.   See Reiff v. Avon School

District No. 4-1, 458 N.W.2d 358, 359 (S.D. 1990) ("This court has often held

that the appeal created by SDCL 13-46-1 is the exclusive means of challenging a

15

school board decision.").   Because Ms. Russell failed to appeal defendants'

decision to circuit court, Ms. Russell may not bring her breach of contract claim

to federal court.   Id.

Plaintiff's fifth objection is overruled.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's objections (Docket 112) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket

110) is adopted in full.

IT IS FURTHER ORDERED that defendants' motion for summary

judgment (Docket 74) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is

dismissed with prejudice.

Dated September 21, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

16