UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| STARLA F. RUSSELL,<br><br>            Plaintiff,<br><br>  vs.<br><br>RAPID CITY AREA SCHOOLS;<br>RAPID CITY AREA SCHOOL BOARD OF EDUCTION; KATHARINE THOMAS, RCAS BOARD OF EDUCATION PRESIDENT in her official capacity; WESTERN DAKOTA TECHNICAL INSTITUTE; and ANN BOLMAN, WDT PRESIDENT in her official capacity,<br><br>            Defendants. | CIV. 18-5015-JLV<br><br>ORDER |

**INTRODUCTION**

On September 21, 2021, the court entered an order adopting a report and recommendation of a magistrate judge.[1]  (Docket 113) (referencing Docket 110). The order granted defendants' motion for summary judgment and dismissed plaintiff's complaint with prejudice.  Id. at p. 16.

On October 19, 2021, defendants filed a motion, a legal memorandum, an affidavit and one exhibit seeking an award of attorneys' fees of $30,716 and costs of $8,574.17.  (Dockets 116-118 & 118-1).  Two days later, defendants filed an amended bill of costs together with an exhibit.  (Dockets 120 & 120-1).  Plaintiff filed a response, an affidavit and four exhibits in resistance to defendants' motion for payment of costs.  (Dockets 121, 122, 122-1 through 122-4).

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Katharine Thomas is automatically substituted as the President of the Rapid City Area Schools Board of Education as of her election to this position on July 1, 2021.

On November 9, the Clerk of Court filed an amended taxation of costs. (Docket 125). The Clerk assessed costs in favor of the defendants and against the plaintiff in the sum of $5,472.21. Id. The same day, plaintiff filed her legal memorandum together with an affidavit in opposition to defendants' motion for assessment of attorneys' fees. (Dockets 126 & 127).

On November 15, 2021, defendants filed a "no objection" response to the Clerk's amended taxation of costs. (Docket 128). The same day, plaintiff filed an objection and affidavit in response to the Clerk's amended taxation of costs. (Dockets 129 & 130).

For the reasons stated below, defendants' motion seeking an award of attorneys' fees is denied and plaintiff's objections to the amended taxation of costs is overruled.

## ANALYSIS

On February 20, 2018, Plaintiff Starla Russell, appearing *pro se*, filed a complaint against the defendants asserting claims for discrimination resulting in a hostile work environment and retaliation under Title VII, 42 U.S.C. §§ 2000e to 2000e-17; claims of age discrimination, hostile work environment and failure to hire under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634; and supplemental claims under South Dakota state law for failure to provide a written 60-day notice prior to termination in violation of SDCL § 13-39-65 (as in effect in 2016) and for defamation. (Docket 1). Defendants filed a joint answer to plaintiff's complaint. (Docket 7). Over the course of the next two years, the parties engaged in protracted discovery, depositions and

motions practice before United States Magistrate Judge Daneta Wollmann. On March 6, 2020, defendants filed a motion for summary judgment together with a legal memorandum, a statement of undisputed material facts, three affidavits and 31 exhibits. (Dockets 74 through 77, 77-1 through 77-23, 78, 78-1 through 78-5, 79 & 79-1 through 79-3). Plaintiff filed a legal memorandum in opposition to defendants' motion for summary judgment together with an affidavit, 51 exhibits and an amended response to defendants' statement of undisputed material facts. (Dockets 99, 101, 101-1 through 101-5 & 106). Defendants filed a reply brief, an affidavit and four exhibits. (Dockets 103, 105 & 105-1 through 105-4). Plaintiff filed a sur-reply brief together with an affidavit and six exhibits. (Dockets 107, 108, 108-1 through 108-6). Defendants filed an objection to plaintiff's response to defendants' statement of undisputed material facts. (Docket 109).

The magistrate judge issued a R&R which made several recommendations: (1) that the Title VII and ADEA claims against Matt Stephens and Dr. Bolman be dismissed; (2) that the Rapid City Area Schools, Rapid City Area Board of Education and Western Dakota Technical Institute be dismissed as not being proper parties; and (3) that defendants' motion for summary judgment be granted as to all of plaintiff's claims. (Docket 110 at pp. 11 & 31). Ms. Russell timely filed objections to the R&R. (Docket 112).

On September 21, 2021, after completing a *de novo* review of the portions of the R&R to which objections were made, the court overruled plaintiff's

3

objections, adopted the R&R, granted defendants' motion for summary judgment and dismissed plaintiff's complaint with prejudice. (Docket 113 at p. 16).

As prevailing parties and pursuant to Fed. R. Civ. P. 54, D.S.D. Civ. LR 54.1 and 42 U.S.C. § 2000e-5K, defendants now move for attorneys' fees of $30,716 and costs of $8,574.17.[2] (Docket 116). Defendants submit they incurred attorneys' fees and costs of $165,030.27 in this case but seek only attorneys' fees of $30,716 and costs. (Docket 117 at p. 1). Defendants claim 20 percent of their total attorneys' fees of $153,579.50 was based on an estimate of the time spent dealing with plaintiff's "state-based claims," plaintiff's "motion to disqualify and the baseless allegations" against a number of the named defendants. Id. at p. 5.

Defendants acknowledge "that a prevailing employer may only recover attorney fees under the ADEA under the bad faith exception to the American Rule." Id. at p. 2 n.1 (referencing Cova v. Coca-Cola Bottling Co., 574 F.2d 958 (8th Cir. 1978); Hoover v. Armco, Inc., 915 F.2d 355 (8th Cir. 1990)). Defendants argue they are entitled to recover attorneys' fees for successfully defending against a Title VII claim

> if it is determined that the action "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so, and if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense."

---

[2]Because of defendants' acquiescence to the amended taxation of costs of $5,472.21, any reference in this order to costs will address this figure. See Dockets 125 and 128.

4

Id. at p. 4 (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)). Even where a plaintiff brings both non-frivolous and frivolous claims, defendants assert they are entitled to an award of attorneys' fees for the costs incurred on the frivolous claims. Id. (referencing Fox v. Vice, 563 U.S. 826, 829 (2011)). Defendants contend 20 percent of the total attorneys' fees incurred were the result of plaintiff's frivolous claims. Id. at p. 5.

Ms. Russell submits her *pro se* filing may not have been "the model of clarity" but "at no time did [she] file frivolous, spiteful or bad faith motions, and this Court has not ruled or used language that such filings were frivolous, spiteful or in bad faith." (Docket 127 ¶ 5). Plaintiff contends that even under the Cova "standard it [is] within the discretion of the District Court to deny an attorneys' fee award." (Docket 126 at pp. 2-3) (citing Cova, 574 F.3d at 961).

"Although the ADEA does not provide for the payment of attorney's fees to a prevailing defendant . . . a prevailing defendant may recover fees upon a showing that the plaintiff litigated the action in 'bad faith, vexatiously, wantonly, or for oppressive reasons.' " E.E.O.C. v. Hendrix College, 53 F.3d 209, 211 (8th Cir. 1995) (citing Hoover, 915 F.2d at 357). "[T]his standard is more stringent than the standard for awarding court costs[.]" Whitson v. Marriott Pavillon Hotel, 49 Fed. Appx. 655, 656 (8th Cir. 2002) (referencing Hendrix College, 53 F.3d at 211).

Based on defendants' current motion, the court took a detailed second look at its September 21, 2021, order. Both this court and the magistrate judge found Ms. Russell met the first and second elements of a *prima facia* case for

retaliation. (Docket 113 at pp. 4 & 5) (referencing Docket 110 at pp. 16-17). Concerning the third element, the court adopted the magistrate judge's conclusion that plaintiff "failed to present 'stronger alternative evidence of causation' to overcome the [6-month or 11-month] delay and the resulting weakened inference of retaliation." Id. at p. 6 (referencing Docket 110 at pp. 18-19; internal citation omitted). While this deficiency in plaintiff's case was an impediment to her retaliation claim, the court found there is no suggestion that the retaliation claim was brought in "bad faith, vexatiously, wantonly, or for oppressive reasons." Hendrix College, 53 F.3d at 211.

The same conclusion is reached with plaintiff's pretextual claim in opposition to defendants' justification for termination.

> [P]laintiff misses the point. Her positive evaluations and her belief WDT shifted its explanation about her termination fail to recognize that her employer was entitled to accept the recommendation of ATTAIN to invoke a reduction in force and eliminate plaintiff's position. The court does not accept plaintiff's assertion that WDT's reduction in force decision was a shifting explanation for what occurred. While Ms. Russell may see it differently, the record is void of any evidence of pretext.

(Docket 113 at p. 9). While Ms. Russell missed the point, her argument was made in good faith based upon her reasonably held view of the evidence.

While plaintiff's ADEA claim is a closer issue, the court finds that while Ms. Russell believed "she had a contractual right to apply for other positions," the law requires that a plaintiff do more than simply wait for a hiring invitation. Ms. Russell was required to show "she made every reasonable attempt to convey her interest in the job to the employer." Id. at p. 11 (citing Watson v. McDonough,

6

996 F.3d 850, 855 (8th Cir. 2021; internal citation and brackets omitted). Even though plaintiff's interpretation of the law was misplaced, the court finds she did not assert this claim in "bad faith, vexatiously, wantonly, or for oppressive reasons." Hendrix College, 53 F.3d at 211.

Finally, the court found Ms. Russell's failures to comply with the South Dakota laws' administrative requirements and notices were fatal to her state law claims. (Docket 113 at pp. 13-16). While Ms. Russell's election of remedies argument missed the mark, she made good faith arguments to support her position. The fact plaintiff misconstrued South Dakota law on the mandatory exhaustion of administrative remedies and the notice requirements prior to proceeding to court does not mean that she asserted these claims in "bad faith, vexatiously, wantonly, or for oppressive reasons." Hendrix College, 53 F.3d at 211.

If defendants believed some of plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," defendants should have advanced a Fed. R. Civ. P. 12(b)(6) motion earlier in this litigation. See Docket 117 at p. 4 (citing Christiansburg Garment Co., 434 U.S. at 412). They chose not to do so. In conclusion, the court finds defendants' motion for an assessment of any part of their attorneys' fees against plaintiff must be denied.

Ms. Russell's claim that an award of costs is inequitable under the circumstances is without merit. See Docket 129 at pp. 8-9. While Ms.

7

Russell's income may have suffered by the loss of her former employment at Western Dakota Technology, her claim that she must cover the costs of "three [children] in college simultaneously in 2020" fails to ring true.  Id. at p. 8.  The court takes notice that Ms. Russell's spouse is an attorney practicing law in South Dakota.  Between the two parents, they can devise ways to support their adult children and permit Ms. Russell to pay the costs assessed against her in this litigation.  Plaintiff's objection to the amended taxation of costs is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that defendants' motion for attorneys' fees (Docket 116) is denied.

IT IS FURTHER ORDERED that plaintiff's objections to the amended taxation of costs (Dockets 126, 129 & 130) are overruled.

Dated January 11, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE